Fairchild, J.
Plaintiff school district argues that Exhibit 4 must be considered without reference to the notation *438 on the envelope and the contents of Exhibits A and 10; that Exhibits A, 4, 5, 6, and 7 were each separate offers. We agree that, standing alone, Exhibit 4 appears to be an offer to perform the heating and ventilating branch of the work for $18,923. If it be such, acceptance would create a contract.
The Freys argue that when all the documents are read together in the light of the notation on the envelope, it is evident that their only offer was to do the entire work for $119,801.
We note that under either theory the bid or bids submitted by the Freys did not comply fully with the invitation for bids. They supplied no bid bond which would be effective if there were separate offers, as contended by the school district, and offers to do less than all the work were accepted. On the other hand, the invitation called for separate offers for each branch of work whether or not an alternative offer was made to do two or more branches of the work in combination. We are concerned, however, with what offer or offers were actually made rather than the failure to respond to all the requirements of the invitation.
The school district was notified by the inscription on the envelope that a combined bid was inclosed. This notation was responsive to the invitation for bids, and is not extraneous evidence. Yet, if Exhibits 4, 5, 6, and 7 are treated as separate offers, there was, in fact, no combined bid. The price for the combined bid as stated in Exhibit A was the total of the prices specified for each branch of the work respectively in Exhibits 4, 5, 6, and 7. To have any meaning, a combined bid would provide that the entire work would be done at a different price, or upon different terms from those resulting from acceptance of all the separate offers to do branches of the work.
Exhibits 4, 5, 6, and 7 each referred to the bid bond, Exhibit 10. This bond would become effective by its express terms only if the combined bid were accepted. Its terms *439 were inconsistent with the theory that four offers were being severally made. We conclude that the trial court properly read all the documents together, and that the Freys did not make four several offers plus an alternative combined offer, but only a single offer to do the entire work.
Counsel for the school district argues that Mr. Frey acquiesced in the treatment of his bid as four several bids because he did not orally notify the board to the contrary until all the bids were opened and tabulated. The testimony does not show that while the bids were being opened and tabulated, Exhibits 4, 5, 6, and 7 were so obviously treated as separate bids that Mr. Frey was called upon to make his oral announcement earlier than he did.
Counsel points to sec. 66.29 (6), Stats., requiring that a municipality “shall separately let (a) plumbing, (b) heating and ventilating, and (c) electrical contracts . . .” and argues that an offer to do the entire work not accompanied by separate offers to do each branch would violate this statute. The reference to sec. 66.29 in the advertisement and contract documents would permit examination of that statute if necessary to determine the intent of the parties. The letting of a construction contract by the school district, however, was not governed by sec. 66.29 in any other sense. Sec. 66.29 does not apply to contracts by a public body for public work unless that body is charged by some other statute with the duty of advertising for, and receiving, proposals for such public work. Cullen v. Rock County (1943), 244 Wis. 237, 12 N. W. (2d) 38. Although the principle of the Cullen decision is no longer applicable to contracts entered into by counties, that change resulted from ch. 456, Laws of 1945, creating sec. 59.07 (4)(c), now appearing as sec. 59.08 (1). See also ch. 280, Laws of 1949. No statute requires a school district to advertise for proposals for construction.
By the Court. — Judgment affirmed.